**FILED**
**Aug 06, 2020**
**03:28 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **JERRY MORRIS,** | ) | **Docket Number: 2019-02-0530** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MIDWEST LP and INNOVATIVE** | ) | **State File Number: 109051-2019** |
| **PANE,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **TRANSPORTATION INS.** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court convened an Expedited Hearing on June 16 and August 5, 2020, on the issue of whether Jerry Morris is entitled to medical and temporary disability benefits. The Court holds he is not entitled to the requested benefits because no physician has linked his injuries to his work.

### History of Claim

Mr. Morris worked for Midwest building walls. It was heavy, hard work, and he often complained to his line leader that his back hurt. The line leader never completed a First Report of Work Injury (FROI). As time progressed, Mr. Morris thought he had a better way of lifting the walls, which would make it easier for his back, but Midwest did not adopt his suggestion. Mr. Morris continued to suffer back pain.

On August 29, 2019, as Mr. Morris left his home, he opened the door and immediately heard and felt a pop in his back, forcing him to his knees. He went to the emergency room and told the providers that he missed a step at home, fell and hurt his back, and he notified Midwest about his absence. Following diagnostic testing, providers told Mr. Morris that he had bulging discs and recommended he follow-up with a primary care provider or orthopedist.

1

Mr. Morris returned to work, but Midwest thought he was unfit to perform his job. He missed three days of work while the parties determined his work status. Midwest did not file a First Report of Injury or provide a panel of physicians because Mr. Morris reported an injury at home.

Mr. Morris continued conservative treatment on his own with various providers. However, no physician has concluded that he suffered a work injury.

Mr. Morris requested payment of his medical bills and ongoing treatment for his injury. He acknowledged he only missed three days of work. Midwest asked that the Court deny his claim because the injury happened at home, and no physician has primarily related it to his employment.

### Findings of Fact and Conclusions of Law

Mr. Morris must show he would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). This includes proof that he suffered an injury that arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14)(a).

Mr. Morris must establish his injury arose primarily out of his employment by expert medical proof. *See Albright v. Hercules HVAC Pads, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 66, at *13-14 (Dec. 20, 2018). He did not provide that proof. To the contrary, the only evidence is that he suffered an injury at home when he fell or twisted on the stairs. Therefore, the Court cannot hold that he is likely to prevail at a hearing on the merits on his request for medical or temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Morris's request for benefits is denied at this time.

2. This case is set for a Status Hearing on **October 6, 2020, at 10:00 a.m. Eastern Time.** You must call toll-free **855-543-5044** to participate. Failure to call might result in a determination of the issues without your participation.

   **ENTERED August 6, 2020.**


_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

2

APPENDIX

Exhibits:
1. Mr. Morris's Affidavit
2. Wage Statement
3. Ballad Health Medical Bills and Medical Records
4. Medical record of Dr. John McElligott
5. Medical record of Dr. Benjamin Knox
6. Medical records of Promise Medical
7. Medical records of East Tennessee Spine and Orthopaedics
8. Medical records of Jefferson Memorial Hospital
9. Request for Transportation Expenses
10. Mobile phone text messages
11. Email (Identification Only)
12. Job Description
13. Letter from Midwest (Identification Only)
14. Letter from Tennessee Occupational Safety and Health Administration (Identification Only)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Appearance
4. Show Cause Notice
5. Request for Expedited Hearing
6. Order Setting Expedited Hearing
7. Motion to Strike
8. Objection to Motion to Strike
9. Order Denying Motion to Strike
10. Motion to Continue
11. Notice of Filing of Affidavit-Russell Bearden
12. Employee's Expedited Hearing Brief
13. Notice of Filing medical records of Ballad Health
14. Employer's Expedited Hearing Brief

## CERTIFICATE OF SERVICE

I certify a copy of this Order was sent on August 6, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Jerry Morris, Employee | X | | X | 271 Clinch Valley Road Eidson, TN 37731 johnqwang2@gmail.com |
| Brent Moore and Hayley Vos, Employer's Attorneys | | | X | bmoore@ortalekelley.com hvos@ortalekelley.com |

_____
**PENNY SHRUM, COURT CLERK**
**Wc.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____ .

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*